## Tikvas Israel Congregation v. National Union Fire Insurance Co. of Pittsburgh

*Harvey Levin*, for plaintiff.
*John J. McDevitt, 3rd*, for defendant.

CRUMLISH, J., February 3, 1955.—This matter is before us on plaintiff's motion for judgment on the pleadings.

Plaintiff seeks judgment in the amount of $39,963, the sum allegedly due and payable under a policy of fire insurance no. 1055, issued it by defendant company. Said policy, providing for protection in the amount of $50,000 was in effect at the time plaintiff suffered a fire loss on its insured premises.

The admitted facts before us are that plaintiff, a Pennsylvania corporation, was on April 6, 1954, the owner of a synagogue building in Philadelphia. On November 21, 1950, defendant, in consideration of the sum of $560 paid to it by plaintiff, executed and delivered to plaintiff its policy of insurance no. 1055, and subject to the terms therein, insured plaintiff against loss or damage by fire, windstorm, hail, explosion and other hazards to the amount of $50,000 on plaintiff's synagogue building; which contract of the parties was in writing.

Plaintiff gave immediate notice to defendant of the fire and loss, and on May 28, 1954, within 60 days after the loss, plaintiff rendered to defendant a proof of loss, signed and sworn to by the president and secretary of plaintiff.

All other averments are denied.

Plaintiff asserts defendant has followed the form of Pa. R. C. P. 1029(c) in its answer, but under the existing situation the averments in the answer are such that they are inherently improbable or untrue and therefore must be taken as admissions.

Defendant argues that its answer is in conformity with Pa. R. C. P. 1029(c) and framed in accordance with the applicable procedural rules; that therefore plaintiff's motion should be dismissed.

Pa. R. C. P. 1029(c) upon which both plaintiff and defendant rely, reads as follows:

"An averment shall be deemed to be denied if proof thereof is demanded and the pleader states either (1) that after reasonable investigation he is without knowledge or information sufficient to form a belief as to the truth of the averment, or (2) that he is without such knowledge or information because the means of proof are within the exclusive control of an adverse party or hostile person. The pleader shall not be required to state what investigation he has made or to rely upon information received from an adverse party or hostile person."

The issue before us is the sufficiency of defendant's answer. In analyzing defendant's denials for possible admissions, it must be kept in mind that plaintiff's averments must be self-sustaining and not conclusions of law or of fact.

We will discuss plaintiff's averments and defendant's corresponding denials seriatim.

Plaintiff avers that while its contract of insurance was in full force and effect, its building was "partially destroyed by fire, and said fire did not occur from any of the perils not included in the coverage of said policy."

Defendant answers that it is without knowledge or information sufficient to form a belief as to the foregoing allegations; that those alleged facts are within the exclusive possession of the plaintiff; therefore defendant denies same, and demands strict proof thereof.

From the language of R. C. P. 1029 (c), supra, it is clear that defendant is not bound to rely on plaintiff's filed proof of loss, as establishing the truth of the foregoing averment. Nor need defendant state what investigation it may have made. The manner of the fire's occurrence, and the extent of damage to the insured premises is a matter of proof at trial. We find no error in this portion of defendant's answer,

nor do we think it so highly improbable a response as to constitute an admission.

Next, plaintiff avers the value of the premises to be $60,000, and the loss sustained by it from the fire to be $39,963.

Defendant's corresponding answer denies plaintiff's statement of value and avers the value of the building to be "upward of $202,345.66." Defendant does not affirmatively deny the amount of loss averred. It is not necessary to do so. This action is based on a policy of insurance. By its terms, defendant's liability is concisely limited to certain property repairs or replacements. Plaintiff has not averred that the $39,963 loss was measured in compliance with the policy terms, nor is there any statement of how such amount was reached. Plaintiff's averment is thus not self-sustaining.

The value of the premises is also a matter of proof at trial. Plaintiff avers the value of the building to be $60,000. Defendant affirmatively asserts a valuation of "upward of $202,345.66". The amount of damages finally arrived at will be governed by the following clause in the policy which provides:

"In consideration of the reduced rate and (or) form under which this policy is written, it is expressly stipulated and made a condition of this contract that in the event of loss this company shall be liable for no greater proportion thereof than the amount hereby insured bears to 80%—of the actual cash value of the property described herein at the time when such loss shall happen, nor for more than the proportion which this policy bears to the total insurance thereon."

Until the actual cash value of the premises is finally determined, the amount of plaintiff's loss under said policy of insurance is an indefinite amount, and is not a sum certain at this stage of the proceedings.

Plaintiff further avers it has duly performed all

other conditions of the policy, in addition to giving immediate notice of loss, and filing a proof of loss.

As aforesaid, defendant admits plaintiff gave notice of loss as required by the policy and rendered to defendant what purports to be a proof of loss. Defendant, however, states it is without knowledge or information sufficient to form a belief as to plaintiff's averment that it has performed all other conditions required by the policy, the facts relating to the performance or nonperformance of those conditions being exclusively within the knowledge of plaintiff. Defendant therefore denies such allegation and demands strict proof thereof.

Defendant's answer is adequate in this instance, also. There are certain exclusions in the policy of insurance, and certain conditions which if not complied with may relieve defendant from liability thereunder. It is a matter of plaintiff's proof at trial to show its full compliance with the term of its policy. Whether or not it did "duly perform" all the conditions as averred, is a conclusion to be made from all the evidence.

It is reasonable to assume that the proof relating to the performance or nonperformance of those conditions is exclusively within the knowledge of plaintiff.

Finally, defendant admits it has not paid plaintiff the sum of $39,963. Defendant denies however that this amount is owing to plaintiff; that on the contrary pursuant to the terms of the policy of insurance, this sum does not properly set forth plaintiff's loss and defendant is under no obligation to pay this amount.

From the foregoing discussion of the pleadings, it is clear that the final determination of plaintiff's loss rests on several factors not now before the court.

After careful analysis, we conclude defendant's answer is sufficient to place the disputed averments at issue.

Wherefore, plaintiff's motion for judgment on the pleadings is denied.